# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SCOTT M. MATUSICK,

                              Plaintiff,                Civil No.: _____

        v.

ERIE COUNTY WATER AUTHORITY and

ROBERT MENDEZ, Individually and in his
Official Capacity as Director of the
ERIE COUNTY WATER AUTHORITY and

GARY BLUMAN, Individually and in his
Official Capacity as Foreman and

JOHN KURYAK, Individually and in his
Official Capacity as Distribution Engineer and

JAMES P. LISINSKI, Individually and in his
Official Capacity as Coordinator of
Employee Relations and

DAVID P. JAROS, Individually and in his
Official Capacity as Senior Distribution Engineer and

KARLA THOMAS, Individually and in her
Official Capacity as Director of Human Resources and

HELEN CULLINAN SZVOREN, Individually
and in her Official Capacity as Director of
Human Resources and

MATTHEW J. BAUDO, Individually and in his
Official Capacity as Secretary to the
ERIE COUNTY WATER AUTHORITY and

ROBERT GUGGEMOS, Individually and in his
Executive Capacity as Distribution Engineer and

JOSEPH MARZEC,
                              Defendants.

## LOCAL RULE OF CIVIL PROCEDURE 81 INDEX

Tab 1.          Summons          Filed on June 26, 2007

Tab 2.          Complaint          Filed on June 26, 2007

Dated: July 27, 2007
       Buffalo, New York

**HODGSON RUSS** LLP
*Attorneys for Defendant, Erie County Water Authority*

By _____
       Adam W. Perry,
       Brendan P. Kelleher, and
       Stephen W. Kelkenberg, of Counsel
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York  14202-4040
Telephone: (716) 856-4000

TO:    Mitchell M. Matusick, Esq.
       SPADAFORA & VERRASTRO, LLP
       Attorneys for Plaintiff
       Office and Post Office Address
       2 Symphony Circle
       Buffalo, New York 14201
       (716) 854-1111

000160/09700 BFLODOCS 1987887v1

# EXHIBIT 1

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

SCOTT M. MATUSICK
199 Brookwood Drive
Hamburg New York 14075

           Plaintiff

- vs -

ERIE COUNTY WATER AUTHORITY
350 Ellicott Square Building
295 Main Street
Buffalo, New York 15203
and
ROBERT MENDEZ, Individually and in his
Official Capacity as Director of the
ERIE COUNTY WATER AUTHORITY
52 Palm Street
Lackawanna, New York  14218
and
GARY BLUMAN, Individually and in his
Official Capacity as Foreman
1041 N. Blossom Road
Elma, New York  14059
and
JOHN KURYAK, Individually and in his
Official Capacity as Distribution Engineer
195 Orchard Place
Lackawanna, New York  14218
and
JAMES P. LISINSKI, Individually and in his
Official Capacity as Coordinator of
Employee Relations
15 South Point Drive
Lancaster, New York  14086
and
DAVID F. JAROS, Individually and in his *(no longer employed)*
Official Capacity as Senior Distribution
Engineer
187 Sterling Avenue
Buffalo, New York  14216
and

SUMMONS

**IMMEDIATELY TURN THESE
PAPERS OVER TO YOUR
INSURANCE REPRESENTATIVE.
YOUR FAILURE TO DO THIS
MAY SUBJECT YOU TO PERSONAL
FINANCIAL RESPONSIBILITY IN
THIS MATTER**

Index No.: _____
Date Filed: _____

RECEIVED
28 2007

FILED
06/26/2007
ERIE COUNTY CLERK
RCPT # 267154
I 2007006083
13:29:07

KARLA THOMAS, Individually and in her
Official Capacity as Director of Human Resources
78 Fernhill Avenue
Buffalo, New York 14215
and
HELEN CULLINAN SZVOREN, Individually *(no longer employed)*
and in her Official Capacity as Director of
Human Resources
5549 Country Club Lane
Hamburg, New York 14075
and
MATTHEW J. BAUDO, Individually and in
His Official Capacity as Secretary to the
ERIE COUNTY WATER AUTHORITY
477 Colvin Avenue
Buffalo, New York 14216
and
ROBERT GUGGEMOS, Individually and in
His Executive Capacity as Distribution Engineer
5245 Bussenorfer Road
Orchard Park, New York 14127
and
JOSEPH MARZEC
55 Edna Place
Lackawanna, New York 14218

Defendants

---

## TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to Answer the Complaint in this action, and to serve a copy of your Answer, or, if the Summons is not served with a Complaint, to serve a Notice of Appearance, on the Plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service, or within 30 days after completion of service where service is made in any other manner than by personal delivery within the State. In case of your failure to appear or Answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

COMPLAINT ENDORSEMENT: That Plaintiff's Complaint against you is in the amount of: see WHEREFORE clauses of Plaintiff's Complaint, together with the costs of this action based on a cause of action for negligence and others.

Erie County is designated as the place of trial on basis of residence of the Plaintiff who resides in Hamburg, New York.

DATED: June 25, 2007

Mitchell M. Matusick, Esq.
SPADAFORA & VERRASTRO
Attorneys for Plaintiff
The Birge Mansion
2 Symphony Circle
Buffalo, New York 14201-1340
(716) 854-1111

# EXHIBIT 2

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

SCOTT M. MATUSICK

Plaintiff

- vs -

ERIE COUNTY WATER AUTHORITY,
and
ROBERT MENDEZ, Individually and in his
Official Capacity as Director of the
ERIE COUNTY WATER AUTHORITY
and
GARY BLUMAN, Individually and in his
Official Capacity as Foreman
and
JOHN KURYAK, Individually and in his
Official Capacity as Distribution Engineer
and
JAMES P. LISINSKI, Individually and in his
Official Capacity as Coordinator of
Employee Relations
and
DAVID F. JAROS, Individually and in his
Official Capacity as Senior Distribution
Engineer
and
KARLA THOMAS, Individually and in her
Official  Capacity as Director of Human Resources
and
HELEN CULLINAN SZVOREN, Individually
and in her Official Capacity as Director of
Human Resources
and
MATTHEW J. BAUDO, Individually and in
His Official Capacity as Secretary to the
ERIE COUNTY WATER AUTHORITY
and
ROBERT GUGGEMOS, Individually and in
His Executive Capacity as Distribution Engineer
and
JOSEPH MARZEC

Defendants

**COMPLAINT**

Index No. _____
Date Filed: _____

F I L E D
ACTIONS & PROCEEDINGS
JUN 2 8 2007
ERIE COUNTY
CLERK'S OFFICE

Plaintiff, above-named, for his causes of action against the Defendants, above-named, herein alleges:

1.        That the Plaintiff, SCOTT M MATUSICK, hereinafter referred to as the Plaintiff, was at all times hereinafter mentioned, and continues to be a resident of the County of Erie and State of New York.

2.        That the Defendant, ERIE COUNTY WATER AUTHORITY, hereinafter referred to as ECWA, was and is a Public Benefit Corporation created by the New York State Public Authorities Law, Section 1053 with offices for the transaction of business at 295 Main Street, Buffalo, New York 14203, in the County of Erie.

3.        On information and belief, the Defendant, ECWA, is funded primarily by user fees of customers, and by bonds and by funds appropriated by the Erie County Legislature.

4.        That the State of New York is not liable for the "bonds and other obligations" of the ECWA, under Public Authorities Law Section 1061.

5.        That at all times hereinafter mentioned, the Defendant, ROBERT MENDEZ, sued herein individually and in his Official Capacity as Executive Director of ECWA, was and continues to be a resident of the County of Erie and State of New York.

6.          That at all times hereinafter mentioned, the Defendant, JOHN KURYAK, sued herein individually and in his Official Capacity as Distribution Engineer, was and continues to be a resident of the County of Erie and State of New York.

7.          That at all times hereinafter mentioned, the Defendant, JAMES LISINSKI, sued herein individually and in his Official Capacity as Coordinator of Employee Relations, was and continues to be a resident of the County of Erie and State of New York.

8.          That at all times hereinafter mentioned, the Defendant, DAVID F. JAROS, sued herein individually and in his Official Capacity Senior Distribution Engineer, was and continues to be a resident of the County of Erie and State of New York.

9.          That at all times hereinafter mentioned, the Defendant, KARLA THOMAS, sued herein individually and in her Official Capacity as Director of Human Resources, was and continues to be a resident of the County of Erie and State of New York.

10.          That at all times hereinafter mentioned, the Defendant, HELEN CULLINAN SZVOREN, sued herein individually and in her Official Capacity as Director of Human Resources, was and continues to be a resident of the County of Erie and State of New York.

11.          That at all times hereinafter mentioned, the Defendant, MATTHEW J. BAUDO, sued herein individually and in his Official Capacity as Secretary, was and continues to be a resident of the County of Erie and State of New York.

12.    That at all times hereinafter mentioned, the Defendant, ROBERT GUGGEMOS, sued herein individually and in his Official Capacity as Distribution Engineer, was and continues to be a resident of the County of Erie and State of New York.

13.    That at all times hereinafter mentioned, the Defendant, JOSEPH MARZEC, was, at all times hereinafter mentioned, a resident of the County of Erie and State of New York.

14.    That at all times hereinafter mentioned, the Defendant, GARY BLUMAN, sued herein individually and in his official capacity as Foreman was, at all times hereinafter mentioned, a resident of the County of Erie and State of New York.

15.    a)    Whenever, in this Complaint, reference is made to "Defendants and each of them", such allegation shall be deemed to mean the acts of Defendants, acting individually, jointly, and/or severally.

b)    That Defendants ROBERT MENDEZ, GARY BLUMAN, JOHN KURYAK, JAMES P. LISINSKI, DAVID F. JAROS, KARLA THOMAS, HELEN CULLINAN SZVOREN, MATTHEW J. BAUDO, and ROBERT GUGGEMOS, as Executives and/or Officers of the ECWA are at all times set forth herein alleged to be acting under color of State Law.

## FACTS COMMON TO ALL CAUSES OF ACTION

16.      Plaintiff, SCOTT M. MATUSICK, began his employment with the County of Erie in approximately 1992 and then became an employee of the ERIE COUNTY WATER AUTHORITY in approximately 1994.

17.      That in or about 1996, Plaintiff took a Civil Service Exam and became probationary employee as a Dispatcher for the Defendant, ECWA. He was appointed to that position as a permanent employee in or about 1997.

18.      That Plaintiff's job evaluations after his initial training period during the above period of time were all deemed satisfactory by his Supervisors.

19.      That on or about May of 2004, Plaintiff, SCOTT M MATUSICK, began associating with an Afro-American female and her family consisting of two Afro-American children who would come to Plaintiff's place of employment on various occasions.

20.      That Plaintiff's association with the Afro-American female and her family was observed by the fellow workers, ECWA Executives and Supervisors when she and her children came to Plaintiff's place of employment as aforesaid.  Prior to July 2, 2004, when Plaintiff was negligently assaulted by Defendant, GARY BLUMAN, and thereafter, Plaintiff was subjected to a pattern of racial slurs and derogatory remarks directed against Plaintiff and the Afro-American female

and her family, as a result of his association with said Afro-American female and her two Afro-American children.

21.        During the aforesaid period of time and thereafter, the pattern of remarks from the fellow employees and Supervisors of the Defendant, ECWA, included racial slurs and derogatory remarks and characterizations directed against the Afro-American female and the two children that the Plaintiff was associating with.

22.        During the aforesaid period of time and thereafter until on or about October 31, 2005, Plaintiff was also present when racial slurs and derogatory remarks and statements were made while Plaintiff was working at the ECWA premises by fellow workers, executives and supervisors directed against the Afro-American employees who worked for the Defendant, ECWA.

23.        That Plaintiff objected to this pattern of racial slurs and derogatory remarks concerning himself and the Afro-American female and her two children. In addition, Plaintiff objected to the racial slurs and derogatory remarks made in his presence concerning the ECWA Afro-American employees by his fellow workers and Supervisors and told them such remarks were improper and should not be made.

24.        That from on or about July 2, 2004 to o or about October 31, 2005, while at work Plaintiff, SCOTT M. MATUICK, objected to tirades of pejorative remarks and phrases by fellow employees and supervisors. He was subjected to being called "nigger lover" and being characterized and called a "nigger" and being told that he had become a "nigger" by reason of his

association with the Afro-American female and her family.   Statements and remarks were also made that the Afro-American female and her children were "porch monkeys", and also referred to as "nigglettes" and that his association with "niggers" was not proper and that he was dressing and acting like a "nigger" and the Afro-American female associate he was seeing was described as a "nigger bitch". In addition, statements were made about the ECWA employees who were African-American to the effect that they were all "lazy niggers" and will not work on the job and other remarks of a similar nature.

25.        After the racial slurs and remarks concerning Plaintiff had began and on or about the summer months of 2004 prior to the assaulting of the Plaintiff on July 2, 2004, the Foreman, GARY BLUMAN, without any cause or justification, used men and equipment  while working on a job site near Plaintiff's home in Hamburg, to trespass upon Plaintiff's property and to cause Plaintiff's garbage can and lid to be placed on the roof of Plaintiff's home along with cleaning equipment and also duct taped Plaintiff's front door to Plaintiff's home shut.

26.        That thereafter and on or about July 2, 2004, Defendant Foreman, GARY BLUMAN, assaulted the Plaintiff as aforesaid on the premises of the ECWA and during said assault in addition to threatening Plaintiff's life, made remarks such as "you God damn nigger lover — I'll kill you" along with other similar words and phrases until he was restrained.

27.        Said assault was reported to Plaintiff's Supervisors, Defendant, JOHN KURYAK; Defendant, ROBERT GUGGEMOS; and other Officials, thereafter on various occasions, as Plaintiff was in fear of further violence by said Defendant, BLUMAN.

28.     The aforesaid Defendants and others who were Executives and Supervisors at ECWA, told Plaintiff not to file a Complaint and stated they would take measures to correct matters with Defendant, GARY BLUMAN.

29.     Defendant, GARY BLUMAN, was not subjected to any disciplinary action by the Defendant, ECWA, and continued working with no lost time or pay.

30.     Following the above assault upon Plaintiff's person on July 2, 2004 by Defendant, GARY BLUMAN, a video recording type camera was placed in the Dispatch Office to videotape and record happenings and actions of employees in that office by the representatives of the ECWA.

31.     Thereafter, the racial slurs and remarks continued to be made by fellow employees and Supervisors of the Plaintiff and Plaintiff continued to advise them that such remarks should not be made as to him or the Afro-American female and her family or concerning the Afro-American employees of the Defendant, ECWA.

32.     That thereafter, on approximately April 18, 2005, the Defendant, JOHN KURYAK, then Plaintiff's Supervisor and "the Defendants, and each of them", including but not by way of limitation, ROBERT MENDEZ, JAMES P. LISINSKI, GARY BLUMAN, ROBERT GUGGEMOS, DAVID F. JAROS, and HELEN CULLINAN SZVOREN, amongst others, did aid and abet and participate in or take disparate and retaliatory actions against Plaintiff, SCOTT M.

MATUSICK, and they included one, JOSEPH MARZEC, while they both worked in the Dispatch Office on ECWA premises.

33.        As a result of the disparate and retaliatory actions, Plaintiff, SCOTT M. MATUSICK, was the only Dispatcher employee charged with misconduct consisting of blocking the video recoding type camera placed in the Dispatch Office, along with employee, JOSEPH MARZEC, on or about April 18, 2005.

34.        Plaintiff, SCOTT M. MATUSICK, was told by the Defendant, JAMES LISINSKI an Executive and other Defendant Supervisors and Officials, that he was fired and walked off the premises of the ECWA. The Union representing the Plaintiff, SCOTT M. MATUSICK, negotiated with the ECWA on this matter to get Plaintiff's job back after charges were formalized into an Article 75 proceeding under the Civil Service Law.

35.        That Plaintiff was informed by the Union representative that even if Plaintiff was found innocent of the charges made in the Article 75 proceeding, that the ECWA could and would still fire him. Plaintiff, under duress and coercion agreed to accept a 60-day suspension, without pay. His fellow worker, JOSEPH MARZEC, was also charged with the same act, received a 30 day suspension.

36.        Plaintiff SCOTT MATUSICK was subjected to Disparate Treatment and Retaliation by "Defendants, and each of them", including but not by way of limitation Executives MENDEZ, KURYAK, LISINSKI, JARUS, SZVOREN, THOMAS and others who on information

and belief caused observations and investigations to be made. Only videotapes of Plaintiff SCOTT MATUSICK as a dispatcher employee were made and kept to assist and aid in the creation of charges on which to base a pretextual termination of the Plaintiff.

37.          The Defendant ECWA by and through the above named "Defendants, and each of them" at the time said observations and  investigation were made had or should have had knowledge that said video type recording camera was being obstructed by other employees.

38.          That Plaintiff was also threatened with great bodily harm by other fellow employees, including Dispatchers, who had used the same box to obstruct the camera view, not to involve them or mention any improper acts on their parts.

39.          Plaintiff was given and served a 60-day suspension, without pay, and returned to work on or about July 5, 2005 at the same job in the same office.

40.          Within the next ninety (90) days and on or about October 1, 2005, and October 20, 2005, approximately three months later, the "Defendants, and each of them", above-named, undertook further Disparate Treatment actions against the Plaintiff and coerced employee JOSEPH MARZEC into cooperating with the "Defendants, and each of them" with the intent and ultimate purpose of terminating Plaintiff as an employee.

41.          That the aforesaid "Defendants, and each of them", on information and belief, participated in and/or aided and/or abetted in the Disparate Treatment and Retaliatory Treatment

of Plaintiff and investigation of incidents that occurred on October 1, 2005 and October 20, 2005 allegedly undertaken at the direction of Defendant, DAVID F. JAROS, and other "Defendants, and each of them" on the basis of costs of claims for water damages sustained by customers by reason of Plaintiff's failure to properly perform his duties.

42.      That the above-named "Defendants, and each of them", including but not by way of limitation, Defendants, JOHN KURYAK and DAVID F. JAROS, did intentionally destroy and/or negligently destroy videotapes made by the video type recording camera placed in the Dispatch Room and adjoining offices on or about October 1, 2005 which, if available, would have established the defense by Plaintiff to the charges brought against him by the Defendant, ECWA, and the "Defendants, and each of them".

43.      That an Article 75 Civil Service Hearing was held relating to the charges brought against the Plaintiff, by the "Defendants, and each of them", and after a Hearing at which the Plaintiff was represented by the Union.

The decision was rendered by the Hearing Officer terminating the Plaintiff as an employee on or about April 7, 2006.

44.      The Plaintiff's termination by letter dated on or about April 7, 2006 was a pretextual discharge of Plaintiff.

45.     On information and belief, that prior to bringing the charges against the Plaintiff, for the events that occurred on October 1, 2005 and October 20, 2005, against Plaintiff, SCOTT MATUSICK, the "Defendants, and each of them", including but not by way of limitation, Defendant, DAVID F. JAROS, and Defendant, JAMES P. LISINSKI, did contact and confer with the ECWA employee, JOSEPH MARZEC and did coerce and threaten him with suspension and/or losing his job if he did not agree to testify against the Plaintiff, SCOTT M. MATUSICK, at the Article 75 proceeding, and also at a Hearing before the Article 75 proceeding was undertaken.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT, GARY BLUMAN:

46.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs marked "1" through "45" as if herein fully set forth and fully re-alleged.

47.     That on or about July 2, 2004, the Plaintiff, SCOTT M. MATUSICK, was an employee of the Defendant, ECWA, working as a Dispatcher in and on the premises operated by the ECWA at 2030 Union Road in the Town of Cheektowaga, New York.

48.     That on said date, and while said Plaintiff was working as a Dispatcher as aforesaid, the Defendant, GARY BLUMAN, did negligently and carelessly commit a physical assault and battery upon the person of the Plaintiff, SCOTT M. MATUSICK, by physically placing his hands upon the person of said Plaintiff while Plaintiff was seated in a chair in a Dispatch Office, and by placing a sharp-pointed pencil in close proximity to the throat and jugular vein of the Plaintiff, and did

then and there make threats against the life of the Plaintiff, and did utter and state racial slurs and phrases until he was restrained by other workers on the premises.

49.        That the aforesaid acts of Defendant, GARY BLUMAN, caused the Plaintiff, SCOTT M. MATUSICK, to be in fear of his life and future bodily harm by said Defendant and did cause Plaintiff great emotional upset and anxiety reaction, all to Plaintiff's damage.

## FOR A SECOND CAUSE OF ACTION OF UNLAWFUL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT:

50.        Plaintiff repeats and re-alleges each and every allegation contained herein in paragraphs marked "1" through "49" as if herein fully set forth and fully re-alleged.

51.        That the above acts and practices of the Defendant, ECWA, and the "Defendants, and each of them", named herein, constitute unlawful discriminatory practices perpetrated against Plaintiff by the Defendant, ECWA, and "Defendants, and each of them", as agents, servants and/or employees of said Defendant, ECWA, due to the creation of a hostile and offensive work environment based on the association of the Plaintiff, SCOTT M. MATUSICK, with members of another race, i.e. – an Afro-American female and her children in violation of Section 296 of the Executive Law of the State of New York.

52.        That the foregoing acts by the Defendant, ECWA, and the "Defendants, and each of them", above-named, were perpetrated against the Plaintiff by the Executives and

Plaintiff's Supervisors and left Plaintiff with no viable channels to seek aid and assistance, ending such acts and practices as prohibited by Section 296 of the Executive Law of the State of New York.

53.     That due to the acts of the Defendant, ECWA, and the "Defendants, and each of them", above-named, Plaintiff has been caused to suffer loss of income, including but not limited to, loss of past and future wages, health benefits, retirement benefits, and has suffered loss of reputation and humiliation and has suffered the expenses of bringing this action, attorneys' fees and costs, all to Plaintiff's damage.

## FOR A THIRD CAUSE OF ACTION FOR DISPARATE TREATMENT:

54.     Plaintiff repeats and re-alleges each and every allegation contained herein in paragraphs marked "1" through "53" as if herein fully set forth and fully re-alleged.

55.     Plaintiff alleges that Plaintiff was subjected to Disparate Treatment and conduct and proceedings by the Defendant, ECWA, and by the Defendants and each of them, and was subjected to unjust discipline and suspensions and destruction of evidence which was critical to establish Plaintiff's defense and terminations based on his past lawful association with a female member of the Afro-American race and her family and Plaintiff's opposition to racial slurs and statements directed against other ECWA employees who were Afro-American decent, all in violation of New York State Executive Law under Section 296.

56.     Plaintiff, on information and belief, states that in addition to the practices and acts enumerated, that the Defendant, ECWA, and the "Defendants, and each of them", named

herein, may have engaged in other discriminatory practices against the Plaintiff, which are not yet fully known. At such time as such discriminatory practices are made known, Plaintiff will seek to amend this Complaint.

## FOR A FOURTH CAUSE OF ACTION FOR RETALIATION:

57.         Plaintiff repeats and re-alleges each and every allegation contained herein in paragraphs marked "1" through "56" as if herein fully set forth and fully re-alleged.

58.         Plaintiff alleges that Plaintiff was subjected to Retaliation and Retaliatory Acts and conduct and proceedings by the Defendant, ECWA, and by the Defendants and each of them, and was subjected to unjust discipline and suspensions and destruction of evidence which was critical to establish Plaintiff's defense and terminations based on his past lawful association with a female member of the Afro-American race and her family and Plaintiff's opposition to racial slurs and statements directed against other ECWA employees who were Afro-American decent, all in violation of New York State Executive Law under Section 296.

59.         Plaintiff, on information and belief, states that in addition to the practices and acts enumerated, that the Defendant, ECWA, and the "Defendants, and each of them", named herein, may have engaged in other retaliatory and discriminatory practices against the Plaintiff, which are not yet fully known. At such time as such retaliatory and discriminatory practices are made known, Plaintiff will seek to amend this Complaint.

60.      That due to the aforesaid acts of the Defendant, ECWA, and the "Defendants, and each of them", above-named, Plaintiff has been caused to suffer loss of income, including but not limited to, loss of past and future wages, health benefits, retirement benefits, and has suffered loss of reputation and humiliation and has suffered the expenses of bringing this action, attorneys' fees and costs and punitive damages, all to Plaintiff's damage.

## FOR A FIFTH CAUSE OF ACTION ACCORDING TO 42 US CODE 1983:

## VIOLATION OF THE RIGHT TO INTIMATE ASSOCIATION; TO DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAWS UNDER THE FIRST AND FOURTEENTH AMENDMENT, U.S. CONSTITUTION.

61.      Plaintiff repeats and re-alleges each and every allegation contained herein in paragraphs marked "1" through "60" as if herein fully set forth and fully re-alleged.

62.      As a result of the unlawful conduct and by and through their agents, servants and/or employees, the Defendant, ECWA, and the "Defendants, and each of them", herein named, have violated the provisions of 42 US Code 1983 in that acting under the color of law they, jointly and/or severally have deprived Plaintiff of his rights, privileges and/or immunities as provided by the Constitution of the United States and its Laws.

63.      That the "Defendants, and each of them", acted with intent to violate or with deliberate or reckless indifference to Plaintiff's clearly established rights under the First and Fourteenth Amendments.

64.        That at all times relevant herein, the "Defendants, and each of them" were acting under the color of State Law.

65.        That due to the acts of the Defendant, ECWA, and the "Defendants, and each of them", above-named, Plaintiff has been caused to suffer loss of income, including but not limited to, loss of past and future wages, health benefits, retirement benefits, and has suffered loss of reputation and humiliation and has suffered the expenses of bringing this action, attorneys' fees and costs and punitive damages, all to Plaintiff's damage.

## FOR A SIXTH CAUSE OF ACTION – INFLICTION OF EMOTIONAL DISTRESS:

66.        Plaintiff repeats and re-alleges each and every allegation contained herein in paragraphs marked "1" through "65" as if herein fully set forth and fully re-alleged.

67.        The "Defendants, and each of them", in failing to protect this Plaintiff from the continuous harassment and other offensive conduct of the persons designated and described hereinbefore, and further, from disparate treatment and retaliatory acts of investigating, suspending and firing Plaintiff and destruction of exculpatory evidence critical and material to Plaintiff's defense in retaliation for Plaintiff's reporting and opposing discriminatory practices and racial slurs and Plaintiff's Supervisors, including but not limited to, Defendants, KURYAK, GUGGEMOS, JAROS, MENDEZ, SZVOREN, BAUDO, LISINSKI, BLUMAN, THOMAS and others abused their special position as Plaintiff's Superiors which vested them with substantial power to control the work environment and to damage his interest and well being.

68.     That through the outrageous conduct, described above, and other acts of the "Defendants, and each of them", hereinbefore named, acted with the intent to cause, or with reckless disregard for the probability of causing Plaintiff to suffer loss of reputation and humiliation and loss of his employment and benefits associated therewith, and the conduct of the "Defendants, and each of them", as described herein, and other acts perpetrated by said Defendants was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights.   The acts of the Plaintiff's Supervisors herein named, KURYAK, GUGGEMOS, JAROS, MENDEZ, SZVOREN, BAUDO, LISINSKI, BLUMAN, THOMAS and others, were performed with the knowledge of the economic power of the Defendant, ECWA, over its employees.   The Defendant, ECWA, by and through its Officers, Managing Agents and Supervisors, authorized, condoned and ratified the unlawful conduct of the above-named Defendants in this action.   Consequently, Plaintiff is entitled to and claims punitive damages from all Defendants.

69.     That at all times hereinafter mentioned the "Defendants, and each of them" for acting under color of State Law.

70.     That due to the acts of the Defendant, ECWA, and the "Defendants, and each of them", above-named, Plaintiff has been caused to suffer loss of his employment and income, including but not limited to, loss of past and future wages, health benefits, retirement benefits, and has suffered loss of reputation and humiliation and has suffered the expenses of bringing this action, attorneys' fees, costs and punitive damages, all to Plaintiff's damage.

WHEREFORE, Plaintiff, SCOTT M. MATUSICK demands judgment on his first cause of action, against Defendant, GARY BLUMAN, demands judgment in a sum which exceeds the jurisdictional limits of all Courts lower than the Supreme Court, together with attorneys' fees and the costs and disbursements of said action.

WHEREFORE, Plaintiff, SCOTT M. MATUSICK demands judgment on his second cause of action, against Defendant, ERIE COUNTY WATER AUTHORITY and Defendants ROBERT MENDEZ, GARY BLUMAN, JOHN KURYAK, JAMES P. LISINSKI, DAVID F. JAROS, KARLA THOMAS, HELEN CULLINAN SZVOREN, MATTHEW J. BAUDO, ROBERT GUGGEMOS, and JOSEPH MARZEC, jointly or in the alternative, in a sum which exceeds the jurisdictional limits of all Courts lower than the Supreme Court, together with attorneys' fees and the costs and disbursements of said action and punitive damages.

WHEREFORE, Plaintiff, SCOTT M. MATUSICK, demands Judgment on his third cause of action, against Defendant, ERIE COUNTY WATER AUTHORITY and Defendants ROBERT MENDEZ, GARY BLUMAN, JOHN KURYAK, JAMES P. LISINSKI, DAVID F. JAROS, KARLA THOMAS, HELEN CULLINAN SZVOREN, MATTHEW J. BAUDO, ROBERT GUGGEMOS and JOSEPH MARZEC, jointly or in the alternative, in a sum which exceeds the jurisdictional limits of all Courts lower than the Supreme Court, together with attorneys' fees and the costs and disbursements of said action and punitive damages.

WHEREFORE, Plaintiff, SCOTT M. MATUSICK, demands Judgment on his fourth cause of action, against Defendant, ERIE COUNTY WATER AUTHORITY and Defendants ROBERT

MENDEZ, GARY BLUMAN, JOHN KURYAK, JAMES P. LISINSKI, DAVID F. JAROS, KARLA THOMAS, HELEN CULLINAN SZVOREN, MATTHEW J. BAUDO, ROBERT GUGGEMOS and JOSEPH MARZEC, jointly or in the alternative, in a sum which exceeds the jurisdictional limits of all Courts lower than the Supreme Court, together with attorneys' fees and the costs and disbursements of said action and punitive damages.

WHEREFORE, Plaintiff, SCOTT M. MATUSICK, demands Judgment on his fifth cause of action, against Defendant, ERIE COUNTY WATER AUTHORITY and Defendants ROBERT MENDEZ, GARY BLUMAN, JOHN KURYAK, JAMES P. LISINSKI, DAVID F. JAROS, KARLA THOMAS, HELEN CULLINAN SZVOREN, MATTHEW J. BAUDO, ROBERT GUGGEMOS and JOSEPH MARZEC, jointly or in the alternative, in a sum which exceeds the jurisdictional limits of all Courts lower than the Supreme Court, together with attorneys' fees and the costs and disbursements of said action and punitive damages.

WHEREFORE, Plaintiff, SCOTT M. MATUSICK, demands Judgment on his sixth cause of action, against Defendant, ERIE COUNTY WATER AUTHORITY and Defendants ROBERT MENDEZ, GARY BLUMAN, JOHN KURYAK, JAMES P. LISINSKI, DAVID F. JAROS, KARLA THOMAS, HELEN CULLINAN SZVOREN, MATTHEW J. BAUDO, ROBERT GUGGEMOS and JOSEPH MARZEC, jointly or in the alternative, in a sum which exceeds the jurisdictional limits of all Courts lower than the Supreme Court, together with attorneys' fees and the costs and disbursements of said action and punitive damages.

DATED:       June 25, 2007.

Mitchell M. Matusick, Esq.
SPADAFORA & VERRASTRO, LLP
Attorneys for Plaintiff
Office and Post Office Address
2 Symphony Circle
Buffalo, New York  14201
(716) 854-1111

# EXHIBIT  B

STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF ERIE

---

SCOTT M. MATUSICK,

Index No.: I 2007006083

Plaintiff,

v.

ERIE COUNTY WATER AUTHORITY and

ROBERT MENDEZ, Individually and in his
Official Capacity as Director of the
ERIE COUNTY WATER AUTHORITY and

GARY BLUMAN, Individually and in his
Official Capacity as Foreman and

JOHN KURYAK, Individually and in his
Official Capacity as Distribution Engineer and

JAMES P. LISINSKI, Individually and in his
Official Capacity as Coordinator of
Employee Relations and

DAVID P. JAROS, Individually and in his
Official Capacity as Senior Distribution Engineer and

KARLA THOMAS, Individually and in her
Official Capacity as Director of Human Resources and

HELEN CULLINAN SZVOREN, Individually
and in her Official Capacity as Director of
Human Resources and

MATTHEW J. BAUDO, Individually and in his
Official Capacity as Secretary to the
ERIE COUNTY WATER AUTHORITY and

ROBERT GUGGEMOS, Individually and in his
Executive Capacity as Distribution Engineer and

JOSEPH MARZEC,
                                        Defendants.

---

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

| | |
|---|---|
| **TO:** Mitchell M. Matusick, Esq.<br>SPADAFORA & VERRASTRO, LLP<br>Attorneys for Plaintiff<br>Office and Post Office Address<br>2 Symphony Circle<br>Buffalo, New York 14201<br>(716) 854-1111 | ERIE COUNTY CLERK'S OFFICE<br>25 Delaware Avenue<br>Buffalo, New York 14202<br>(716) 858-7766 |

**PLEASE TAKE NOTICE THAT**, a true copy of the Notice of Removal filed in

the Office of the Clerk of the United States District Court for the Western District of New York

on July 27, 2007 is attached as **Exhibit A**.


Dated:  July 27, 2007
       Buffalo, New York

                           **HODGSON RUSS** LLP
                           *Attorneys for Defendant, Erie County Water Authority*


                           By     S/Stephen W. Kelkenberg
                                  Adam W. Perry,
                                  Brendan P. Kelleher, and
                                  Stephen W. Kelkenberg, of Counsel
                           The Guaranty Building
                           140 Pearl Street, Suite 100
                           Buffalo, New York  14202-4040
                           Telephone: (716) 856-4000

000160/09900 BFLODOCS 1988481v1

000160/09900 GBDOCS 822862v1

# EXHIBIT  C

STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF ERIE

_____

SCOTT M. MATUSICK,

                                        Plaintiff,                    Index No.: I 2007006083

     v.

ERIE COUNTY WATER AUTHORITY and

ROBERT MENDEZ, Individually and in his
Official Capacity as Director of the
ERIE COUNTY WATER AUTHORITY and

GARY BLUMAN, Individually and in his
Official Capacity as Foreman and

JOHN KURYAK, Individually and in his
Official Capacity as Distribution Engineer and

JAMES P. LISINSKI, Individually and in his
Official Capacity as Coordinator of
Employee Relations and

DAVID P. JAROS, Individually and in his
Official Capacity as Senior Distribution Engineer and

KARLA THOMAS, Individually and in her
Official Capacity as Director of Human Resources and

HELEN CULLINAN SZVOREN, Individually
and in her Official Capacity as Director of
Human Resources and

MATTHEW J. BAUDO, Individually and in his
Official Capacity as Secretary to the
ERIE COUNTY WATER AUTHORITY and

ROBERT GUGGEMOS, Individually and in his
Executive Capacity as Distribution Engineer and

JOSEPH MARZEC,
                                        Defendants.
_____

## CONSENT TO REMOVAL

**PLEASE TAKE NOTICE THAT**:  Defendant, Robert Mendez, hereby consents

to the removal of this action to the United States District Court for the Western District of New

York by the Erie County Water Authority in accordance with 28 U.S.C. § 1446.


Dated: July 19, 2007
      Buffalo, New York


                            By _____
                                      Robert Mendez


TO:    Mitchell M. Matusick, Esq.
        SPADAFORA & VERRASTRO, LLP
        Attorneys for Plaintiff
        Office and Post Office Address
        2 Symphony Circle
        Buffalo, New York 14201
        (716) 854-1111

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

─────────────────────────────────

SCOTT M. MATUSICK,

                             Plaintiff,

       v.

ERIE COUNTY WATER AUTHORITY and

ROBERT MENDEZ, Individually and in his
Official Capacity as Director of the
ERIE COUNTY WATER AUTHORITY and

GARY BLUMAN, Individually and in his
Official Capacity as Foreman and

JOHN KURYAK, Individually and in his
Official Capacity as Distribution Engineer and

JAMES P. LISINSKI, Individually and in his
Official Capacity as Coordinator of
Employee Relations and

DAVID P. JAROS, Individually and in his
Official Capacity as Senior Distribution Engineer and

KARLA THOMAS, Individually and in her
Official Capacity as Director of Human Resources and

HELEN CULLINAN SZVOREN, Individually
and in her Official Capacity as Director of
Human Resources and

MATTHEW J. BAUDO, Individually and in his
Official Capacity as Secretary to the
ERIE COUNTY WATER AUTHORITY and

ROBERT GUGGEMOS, Individually and in his
Executive Capacity as Distribution Engineer and

JOSEPH MARZEC,
                       Defendants.

─────────────────────────────────

Index No.: I 2007006083

# CONSENT TO REMOVAL

**PLEASE TAKE NOTICE THAT**: Defendant, Gary Bluman, hereby consents

to the removal of this action to the United States District Court for the Western District of New

York by the Erie County Water Authority in accordance with 28 U.S.C. § 1446.

Dated: July **20** , 2007
       Buffalo, New York

_____
Gary Bluman

TO:   Mitchell M. Matusick, Esq.
      SPADAFORA & VERRASTRO, LLP
      Attorneys for Plaintiff
      Office and Post Office Address
      2 Symphony Circle
      Buffalo, New York 14201
      (716) 854-1111

000160/09900 BFLODOCS 1988168v1

- 2 -

000160/09900 GBDOCS 822862v1

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

SCOTT M. MATUSICK,

                    Plaintiff,

     v.

ERIE COUNTY WATER AUTHORITY and

ROBERT MENDEZ, Individually and in his
Official Capacity as Director of the
ERIE COUNTY WATER AUTHORITY and

GARY BLUMAN, Individually and in his
Official Capacity as Foreman and

JOHN KURYAK, Individually and in his
Official Capacity as Distribution Engineer and

JAMES P. LISINSKI, Individually and in his
Official Capacity as Coordinator of
Employee Relations and

DAVID P. JAROS, Individually and in his
Official Capacity as Senior Distribution Engineer and

KARLA THOMAS, Individually and in her
Official Capacity as Director of Human Resources and

HELEN CULLINAN SZVOREN, Individually
and in her Official Capacity as Director of
Human Resources and

MATTHEW J. BAUDO, Individually and in his
Official Capacity as Secretary to the
ERIE COUNTY WATER AUTHORITY and

ROBERT GUGGEMOS, Individually and in his
Executive Capacity as Distribution Engineer and

JOSEPH MARZEC,
                    Defendants.

Index No.: I 2007006083

---

## CONSENT TO REMOVAL

**PLEASE TAKE NOTICE THAT**:  Defendant, David F. Jaros, hereby consents

to the removal of this action to the United States District Court for the Western District of New

York by the Erie County Water Authority in accordance with 28 U.S.C. § 1446.


Dated:  July 23, 2007
         Buffalo, New York


By _____
                David F. Jaros


TO:    Mitchell M. Matusick, Esq.
       SPADAFORA & VERRASTRO, LLP
       Attorneys for Plaintiff
       Office and Post Office Address
       2 Symphony Circle
       Buffalo, New York 14201
       (716) 854-1111


000160/09900 BFLODOCS 1988253v1

000160/09900 GBDOCS 822862v1

STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF ERIE

―――――――――――――――――――――――――

SCOTT M. MATUSICK,

                           Plaintiff,

       v.

ERIE COUNTY WATER AUTHORITY and

ROBERT MENDEZ, Individually and in his
Official Capacity as Director of the
ERIE COUNTY WATER AUTHORITY and

GARY BLUMAN, Individually and in his
Official Capacity as Foreman and

JOHN KURYAK, Individually and in his
Official Capacity as Distribution Engineer and

JAMES P. LISINSKI, Individually and in his
Official Capacity as Coordinator of
Employee Relations and

DAVID P. JAROS, Individually and in his
Official Capacity as Senior Distribution Engineer and

KARLA THOMAS, Individually and in her
Official Capacity as Director of Human Resources and

HELEN CULLINAN SZVOREN, Individually
and in her Official Capacity as Director of
Human Resources and

MATTHEW J. BAUDO, Individually and in his
Official Capacity as Secretary to the
ERIE COUNTY WATER AUTHORITY and

ROBERT GUGGEMOS, Individually and in his
Executive Capacity as Distribution Engineer and

JOSEPH MARZEC,
                         Defendants.

―――――――――――――――――――――――――

Index No.: I 2007006083

## CONSENT TO REMOVAL

**PLEASE TAKE NOTICE THAT**:  Defendant, Karla Thomas, hereby consents

to the removal of this action to the United States District Court for the Western District of New

York by the Erie County Water Authority in accordance with 28 U.S.C. § 1446.


Dated:  July 2̸, 2007
       Buffalo, New York

                                By _____
                                        Karla Thomas


TO:    Mitchell M. Matusick, Esq.
       SPADAFORA & VERRASTRO, LLP
       Attorneys for Plaintiff
       Office and Post Office Address
       2 Symphony Circle
       Buffalo, New York 14201
       (716) 854-1111


000160/09900 BFLODOCS 1988254v1

- 2 -

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

SCOTT M. MATUSICK,

                              Plaintiff,                    Index No.: I 2007006083

        v.

ERIE COUNTY WATER AUTHORITY and

ROBERT MENDEZ, Individually and in his
Official Capacity as Director of the
ERIE COUNTY WATER AUTHORITY and

GARY BLUMAN, Individually and in his
Official Capacity as Foreman and

JOHN KURYAK, Individually and in his
Official Capacity as Distribution Engineer and

JAMES P. LISINSKI, Individually and in his
Official Capacity as Coordinator of
Employee Relations and

DAVID P. JAROS, Individually and in his
Official Capacity as Senior Distribution Engineer and

KARLA THOMAS, Individually and in her
Official Capacity as Director of Human Resources and

HELEN CULLINAN SZVOREN, Individually
and in her Official Capacity as Director of
Human Resources and

MATTHEW J. BAUDO, Individually and in his
Official Capacity as Secretary to the
ERIE COUNTY WATER AUTHORITY and

ROBERT GUGGEMOS, Individually and in his
Executive Capacity as Distribution Engineer and

JOSEPH MARZEC,
                              Defendants.

---

## CONSENT TO REMOVAL

**PLEASE TAKE NOTICE THAT**:  Defendant, Hellen Cullinan Szvoren, hereby

consents to the removal of this action to the United States District Court for the Western District

of New York by the Erie County Water Authority in accordance with 28 U.S.C. § 1446.


Dated: July 24, 2007
      Buffalo, New York

By _____
          Hellen Cullinan Szvoren


TO:    Mitchell M. Matusick, Esq.
       SPADAFORA & VERRASTRO, LLP
       Attorneys for Plaintiff
       Office and Post Office Address
       2 Symphony Circle
       Buffalo, New York 14201
       (716) 854-1111


000160/09900 BFLODOCS 1988257v1

- 2 -

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

SCOTT M. MATUSICK,

                              Plaintiff,                    Index No.: I 2007006083

        v.

ERIE COUNTY WATER AUTHORITY and

ROBERT MENDEZ, Individually and in his
Official Capacity as Director of the
ERIE COUNTY WATER AUTHORITY and

GARY BLUMAN, Individually and in his
Official Capacity as Foreman and

JOHN KURYAK, Individually and in his
Official Capacity as Distribution Engineer and

JAMES P. LISINSKI, Individually and in his
Official Capacity as Coordinator of
Employee Relations and

DAVID P. JAROS, Individually and in his
Official Capacity as Senior Distribution Engineer and

KARLA THOMAS, Individually and in her
Official Capacity as Director of Human Resources and

HELEN CULLINAN SZVOREN, Individually
and in her Official Capacity as Director of
Human Resources and

MATTHEW J. BAUDO, Individually and in his
Official Capacity as Secretary to the
ERIE COUNTY WATER AUTHORITY and

ROBERT GUGGEMOS, Individually and in his
Executive Capacity as Distribution Engineer and

JOSEPH MARZEC,
                              Defendants.

---

## CONSENT TO REMOVAL

**PLEASE TAKE NOTICE THAT**:  Defendant, Matthew J. Baudo, hereby

consents to the removal of this action to the United States District Court for the Western District

of New York by the Erie County Water Authority in accordance with 28 U.S.C. § 1446.


Dated:  July 20, 2007
       Buffalo, New York


By _____
             Matthew J. Baudo


TO:    Mitchell M. Matusick, Esq.
       SPADAFORA & VERRASTRO, LLP
       Attorneys for Plaintiff
       Office and Post Office Address
       2 Symphony Circle
       Buffalo, New York 14201
       (716) 854-1111


000160/09900 BFLODOCS 1988259v1

- 2 -

STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF ERIE

---

SCOTT M. MATUSICK,

                              Plaintiff,                          Index No.: I 2007006083

        v.

ERIE COUNTY WATER AUTHORITY and

ROBERT MENDEZ, Individually and in his
Official Capacity as Director of the
ERIE COUNTY WATER AUTHORITY and

GARY BLUMAN, Individually and in his
Official Capacity as Foreman and

JOHN KURYAK, Individually and in his
Official Capacity as Distribution Engineer and

JAMES P. LISINSKI, Individually and in his
Official Capacity as Coordinator of
Employee Relations and

DAVID P. JAROS, Individually and in his
Official Capacity as Senior Distribution Engineer and

KARLA THOMAS, Individually and in her
Official Capacity as Director of Human Resources and

HELEN CULLINAN SZVOREN, Individually
and in her Official Capacity as Director of
Human Resources and

MATTHEW J. BAUDO, Individually and in his
Official Capacity as Secretary to the
ERIE COUNTY WATER AUTHORITY and

ROBERT GUGGEMOS, Individually and in his
Executive Capacity as Distribution Engineer and

JOSEPH MARZEC,
                              Defendants.

---

## CONSENT TO REMOVAL

**PLEASE TAKE NOTICE THAT**: Defendant, Robert Guggemos, hereby consents to the removal of this action to the United States District Court for the Western District of New York by the Erie County Water Authority in accordance with 28 U.S.C. § 1446.

Dated: July 20, 2007
       Buffalo, New York


By _____
          Robert Guggemos


TO:    Mitchell M. Matusick, Esq.
       SPADAFORA & VERRASTRO, LLP
       Attorneys for Plaintiff
       Office and Post Office Address
       2 Symphony Circle
       Buffalo, New York 14201
       (716) 854-1111


000160/09900 BFLODOCS 1988263v1

000160/09900 GBDOCS 822862v1

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

SCOTT M. MATUSICK,

                                   Plaintiff,                           Index No.: I 2007006083

        v.

ERIE COUNTY WATER AUTHORITY and

ROBERT MENDEZ, Individually and in his
Official Capacity as Director of the
ERIE COUNTY WATER AUTHORITY and

GARY BLUMAN, Individually and in his
Official Capacity as Foreman and

JOHN KURYAK, Individually and in his
Official Capacity as Distribution Engineer and

JAMES P. LISINSKI, Individually and in his
Official Capacity as Coordinator of
Employee Relations and

DAVID P. JAROS, Individually and in his
Official Capacity as Senior Distribution Engineer and

KARLA THOMAS, Individually and in her
Official Capacity as Director of Human Resources and

HELEN CULLINAN SZVOREN, Individually
and in her Official Capacity as Director of
Human Resources and

MATTHEW J. BAUDO, Individually and in his
Official Capacity as Secretary to the
ERIE COUNTY WATER AUTHORITY and

ROBERT GUGGEMOS, Individually and in his
Executive Capacity as Distribution Engineer and

JOSEPH MARZEC,
                                   Defendants.

---

## CONSENT TO REMOVAL

**PLEASE TAKE NOTICE THAT**:  Defendant, Joseph Marzec, hereby consents to the removal of this action to the United States District Court for the Western District of New York by the Erie County Water Authority in accordance with 28 U.S.C. § 1446.

Dated:  July 20, 2007
         Buffalo, New York

By _____
         Joseph Marzec

TO:    Mitchell M. Matusick, Esq.
       SPADAFORA & VERRASTRO, LLP
       Attorneys for Plaintiff
       Office and Post Office Address
       2 Symphony Circle
       Buffalo, New York 14201
       (716) 854-1111

000160/09900 BFLODOCS 1988268v1

- 2 -

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

SCOTT M. MATUSICK,

                                        Plaintiff,                    Index No.: I 2007006083

        v.

ERIE COUNTY WATER AUTHORITY and

ROBERT MENDEZ, Individually and in his
Official Capacity as Director of the
ERIE COUNTY WATER AUTHORITY and

GARY BLUMAN, Individually and in his
Official Capacity as Foreman and

JOHN KURYAK, Individually and in his
Official Capacity as Distribution Engineer and

JAMES P. LISINSKI, Individually and in his
Official Capacity as Coordinator of
Employee Relations and

DAVID P. JAROS, Individually and in his
Official Capacity as Senior Distribution Engineer and

KARLA THOMAS, Individually and in her
Official Capacity as Director of Human Resources and

HELEN CULLINAN SZVOREN, Individually
and in her Official Capacity as Director of
Human Resources and

MATTHEW J. BAUDO, Individually and in his
Official Capacity as Secretary to the
ERIE COUNTY WATER AUTHORITY and

ROBERT GUGGEMOS, Individually and in his
Executive Capacity as Distribution Engineer and

JOSEPH MARZEC,
                                        Defendants.

---

## CONSENT TO REMOVAL

**PLEASE TAKE NOTICE THAT**:  Defendant, John Kuryak, hereby consents to

the removal of this action to the United States District Court for the Western District of New

York by the Erie County Water Authority in accordance with 28 U.S.C. § 1446.


Dated:  July 2̲6̲, 2007
      Buffalo, New York


By _____
                John Kuryak


TO:    Mitchell M. Matusick, Esq.
       SPADAFORA & VERRASTRO, LLP
       Attorneys for Plaintiff
       Office and Post Office Address
       2 Symphony Circle
       Buffalo, New York 14201
       (716) 854-1111


000160/09900 BFLODOCS 1988229v1

- 2 -

STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF ERIE

_____

SCOTT M. MATUSICK,

                               Plaintiff,

      v.

ERIE COUNTY WATER AUTHORITY and

ROBERT MENDEZ, Individually and in his
Official Capacity as Director of the
ERIE COUNTY WATER AUTHORITY and

GARY BLUMAN, Individually and in his
Official Capacity as Foreman and

JOHN KURYAK, Individually and in his
Official Capacity as Distribution Engineer and

JAMES P. LISINSKI, Individually and in his
Official Capacity as Coordinator of
Employee Relations and

DAVID P. JAROS, Individually and in his
Official Capacity as Senior Distribution Engineer and

KARLA THOMAS, Individually and in her
Official Capacity as Director of Human Resources and

HELEN CULLINAN SZVOREN, Individually
and in her Official Capacity as Director of
Human Resources and

MATTHEW J. BAUDO, Individually and in his
Official Capacity as Secretary to the
ERIE COUNTY WATER AUTHORITY and

ROBERT GUGGEMOS, Individually and in his
Executive Capacity as Distribution Engineer and

JOSEPH MARZEC,
                            Defendants.

_____

Index No.: I 2007006083

## CONSENT TO REMOVAL

**PLEASE TAKE NOTICE THAT**:  Defendant, James P. Lisinski, hereby

consents to the removal of this action to the United States District Court for the Western District

of New York by the Erie County Water Authority in accordance with 28 U.S.C. § 1446.


Dated:  July 20, 2007
       Buffalo, New York


By _____
       James P. Lisinski


TO:    Mitchell M. Matusick, Esq.
       SPADAFORA & VERRASTRO, LLP
       Attorneys for Plaintiff
       Office and Post Office Address
       2 Symphony Circle
       Buffalo, New York 14201
       (716) 854-1111


000160/09900 BFLODOCS 1988248v1

- 2 -