UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Scott Matusick,

                        Plaintiff,                        **Hon. Hugh B. Scott**

                                                    07CV489A

               v.                            **Decision & Order**

Erie County Water Authority, et al.,

                        Defendants.
_____

      The plaintiff has filed a motion seeking to take more than 10 depositions in this case. (Docket No. 31). The defendants have filed a cross-motion seeking to take an additional seven-hour deposition of the plaintiff. (Docket No. 34).

      Rule 30(a)(2) of the Federal Rules of Civil Procedure provides that: "A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2) ... if, without the written stipulation of the parties, (A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs...." Rule 26(b)(2) provides that the Court may alter the limits on the number of depositions under Rule 30 upon consideration as to whether "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the

1

action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(1), which sets forth general principles of discovery subject to the aforesaid limitations, affords parties the opportunity to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Thus, "a court has discretion to allow more than ten depositions if the party who is seeking discovery has shown why it is necessary." Commodity Futures Trading Comm'n v. Commodity Inv. Group, Inc., 2005 WL 3030816, at *1 (S.D.N.Y. 2005).

In the instant case, there are 10 defendants in this case, and the plaintiff only seeks to conduct a total of 12 depositions. The large number of defendants in this matter provides a sufficient particularized need warranting the reasonable request for the additional two depositions. The motion to exceed 10 depositions is granted.

The defendants cross-move for authority to depose the plaintiff for an additional 7 hours. In light of the fact that the plaintiff has asserted a variety of allegations against 10 defendants regarding events covering a period of 15 months, an extended deposition of the plaintiff is warranted. The defendant's request to depose the plaintiff for an additional 7 hour period is

granted.

    So Ordered.

                                                                        /s/ Hugh B. Scott  
                                                         United States Magistrate Judge  
                                                         Western District of New York

Buffalo, New York  
January 16, 2009