UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Scott Matusick,

                               Plaintiff,                  **Hon. Hugh B. Scott**

                                                       07CV489A

                        v.                                **Decision**
                                                        **&**
                                                      **Order**

Erie County Water Authority, et al.,

                               Defendants.

_____

Before the Court is the plaintiff's motion to compel discovery and to disqualify counsel. (Docket No. 40).

The plaintiff, Scott M. Matusick ("Matusick"), commenced this action in New York State Supreme Court[1] alleging that while he was employed by the Erie County Water Authority ("ECWA") in 2004 he was assaulted, discriminated and harassed by his superiors at the ECWA because of his association with Anita Starks, an African-American woman. Named as defendants in this action, in addition to the ECWA, are: Robert Mendez, the Director of the ECWA ("Mendez"); Gary Bluman, an ECWA Foreman ("Bluman"); John Kuryak, ECWA Distribution Engineer ("Kuryak"); James P. Lisinski, ECWA Coordinator of Employee Relations

---

[1] This action was removed to this Court pursuant to 28 U.S.C. §§1441, 1443, and 1446 inasmuch as the plaintiff seeks recovery based upon alleged federal civil rights violations, as well as various state claims. (Docket No. 1).

1

("Lisinski"); David F. Jaros, ECWA Senior Distribution Engineer ("Jaros"); Karla Thomas, Director of Human Resources ("Thomas"); Helen Cullinan Szvoren, Director of Human Resources ("Szvoren"); Matthew J. Baudo, secretary to the ECWA ("Baudo"); Robert Guggemos, ECWA Distribution Engineer ("Guggemos"); and Joseph Marzec ("Marzec").[2] (Complaint at ¶¶2-14).

In the instant motion, the plaintiff seeks to compel disclosure of certain documents, and the personal phone numbers and addresses of ECWA workers so that plaintiff's counsel can contact them outside of the place of their employment. The plaintiff also seeks to disqualify counsel for the defendants based upon allegations that defendants' counsel has interfered with plaintiff's counsel's efforts to communicate with non-party ECWA employees. (Docket No. 40).

Additional Discovery

The plaintiff seeks to compel disclosure of the following documents:

1. Work orders relating to five service calls between November 15, 2004 and February 5, 2006. (Docket No. 40-2 at page 2; Docket No. 40, Exhibit A, Request No. 1).

2. Documents relating to computer malfunction during the 2004 and 2005 claendar years. These appear to be the documents referred to by defendant Baudo during his testimony in an administrative hearing stemming from the charges which eventually led to Matusick's termination by the ECWA and at a prior depositin. (Docket No. 40, Exhibit A, Request No. 3).

3. Documents relating to an incident on September 18, 2008, in which Starks claims that an ECWA truck followed her "inappropriately" (Docket No. Nos. 40-2 at page 4; 58 at ¶12).

---

[2] "The Complaint" is attached as Exhibit 2 to the removal papers (Docket No. 1, Exhibit 2).

4. Audio tapes of telephone calls made by Matusick on July 2-8, 2004 relating to the alleged incidents with Bluman and Finn. (Docket No. 40-2 at page 4-5).

5. The ECWA "blue book" containing the home addresses and phone numbers of all ECWA employees so that plaintiff's counsel can contact them outside of work hours.

6. All ECWA policies concerning racial discrimination, harassment or retaliation provided to employees between 1997 and 2005; and all manuals, policies, notices and directives relating to discipline, demotion, transfer, discharge, compensation fringe benefits; job description of dispatcher, training programs, seniority and promotion. (Docket No. 40-2 at page 6; Docket No. 40, Exhibit F, Request No. 10-13).

The defendants point to the fact that the discovery period in this case closed on January 31, 2009 and that the instant motion to compel was filed more than four months after the close of discovery. The defendants also point to the fact that plaintiff's counsel made no attempt to resolved these issues prior to filing the instant motion, and that the plaintiff exceeded the maximum number of documents requests (25) without leave of the Court.

The Court notes that the initial Scheduling Order in this matter dated September 7, 2007, gave the parties until September 5, 2008 – a full year – to complete discovery. (Docket No. 10). This was twice the time period typically provided in such cases. By letter dated September 5, 2008, the parties sought an additional three months to conclude discovery. The request was granted, providing the parties until December 1, 2008 to complete discovery. (Docket No. 17). It appears that little discovery was completed during this period. The plaintiff then requested and additional eight months to complete discovery – until July 31, 2009 (Docket No. 20). In light of the generous discovery period previously afforded to the parties, the Court granted an additional two month extension to the discovery cutoff – until January 31, 2009. (Docket No. 25).

Notwithstanding, it appears that the bulk of the discovery which transpired in this case

3

took place by agreement of the parties *after* the January 31, 2009 close of discovery. The plaintiff asserts that he could not have brought the instant motion because many of the documents sought were identified at the post-discovery period depositions. The plaintiff also contends that many of the documents should have been disclosed by the defendants in response to its initial document request in October of 2007. However, with the exception of the documents relating to an incident in which an ECWA truck is alleged to have inappropriately followed Starks, it appears that the documents requested in the instant motion were known to the plaintiff prior to the discovery cutoff in this case. To the extent that the documents were requested in the plaintiff's document demand, the plaintiff has not articulated any basis for not bringing a motion to compel in a timely fashion.

The Court declines to re-open discovery in this matter. Inasmuch as the plaintiff has not demonstrated why the sought after discovery, or the instant motion, could not have been made in a timely manner, the motion to compel is denied.

Disqualification of Counsel

The plaintiff seeks to disqualify defendants' counsel based upon allegations that defendants' counsel interfered with and obstructed plaintiff's efforts to communicate with non-party ECWA employees. On January 22, 2009, the plaintiff's counsel contacted Ivan Carmichael who informed plaintiff's counsel that Carmichael was to meet with defendants' counsel the next morning. According to plaintiff's counsel, Carmichael asked plaintiff's counsel to go with him to the meeting. Rather than conduct the meeting with Carmichael in plaintiff's counsel's presence, defendants' counsel left. (Docket No. 40-2). Defendants' counsel apparently did meet with

Carmichael later that afternoon. (Docket No. 40-2 at page 8). William Faircloth, a former ECWA employee stated at his deposition that prior to the deposition he had met with defendants' counsel (Docket No. 40-2 at page 8-9). According to plaintiff, Faircloth testified that he was told not to answer any questions about conversations he had with defendant's counsel. (Docket No. 40-2 at page 9). Other ECWA employees have allegedly refused to talk with plaintiff's counsel and have purported stated that defendants' counsel advised them that this is "an ECWA matter." (Docket No. 40-2 at page 10).

Based on the above, the plaintiff seeks to disqualify the defendants' counsel. Motions to disqualify attorneys are generally disfavored. Board of Education of New York City v. Nyquist, 590 F.2d 1241 (2d Cir.1979); Guthrie Aircraft Co. v. Genesee County, New York, 597 F.Supp. 1097 (W.D.N.Y.1984). The cases cited by the plaintiff do not support the plaintiff's request for disqualification. In U.S. v. Occidental Chemical Corp., 606 F.Supp. 1470 (W.D.N.Y. 1985), Counsel for the defendants offered, by letter, to represent any non-party employee witnesses who were subpoenaed for deposition in that case. The Court held that this constituted an improper solicitation of business, but did not warrant disqualification. The Court did not preclude defendant's counsel from representing non-party employees at future depositions, but stopped the defendant's counsel from soliciting such representation. Occidental, 606 F.Supp. at 1476-1477, 1478. Similarly, in Rivera v. Lutheran Medical Center, 22 Misc.3d 178 (Kings County 2008), the Court found that defendant's counsel should be disqualified from representing non-party witnesses (but not the defendant), based upon similar solicitation and because of a history in that case of defendant's counsels "improperly thwarting plaintiff's attempts to obtain discovery." Rivera, 22 Misc.3d 178 at 186.

While the plaintiff has not presented a basis warranting disqualification of defendants' counsel, defendant's counsel may not advise ECWA non-party, non-policymaking employees that they cannot meet with or talk to plaintiff's counsel. Defendants' counsel shall not solicit to represent any non-party non-policymaking ECWA employee at a deposition or meeting with plaintiff's counsel. If the witness approaches the defendants' counsel for representation, such representation would not present an inherent conflict of interest. Occidental, 606 F.Supp. at 1474. 1477. Further, the plaintiff cannot approach ECWA employees who are in policymaking positions or who can bind the corporation. The plaintiff is free to approach, without prior approval or notice to defendants' counsel, any ECWA non-party, non-policymaking employees who may be witnesses relating to the issues in this case. These individuals are not parties to this action and are not represented by defendants' counsel (unless the employee seeks such representation). These non-party, non-policymaking employees of the ECWA do not need prior permission from the ECWA or defendants' counsel before speaking or meeting with plaintiff's counsel. The Court declines to Order that the defendants send a written notice to all ECWA employees. The plaintiff is free to share a copy of this Order with any non-party, non-policymaking ECWA employee.

Based on the above, the motion to compel and to disqualify defendants' counsel is denied.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
February 22, 2010