UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Scott Matusick,

                                    Plaintiff,                                    **Hon. Hugh B. Scott**


                                                                                  07CV489A

                              v.                                                  **Decision
                                                                                  &
                                                                                  Order**


Erie County Water Authority, et al.,

                                    Defendants.

_____


        Before the Court is the defendant's application for attorneys fees in connection with

plaintiff's motion to compel discovery and to disqualify counsel. (Docket No. 40).



                                    **Background**

        The plaintiff, Scott M. Matusick ("Matusick"), commenced this action in New York State

Supreme Court[1] alleging that while he was employed by the Erie County Water Authority

("ECWA") in 2004 he was assaulted, discriminated against and harassed by his superiors at the

ECWA because of his association with Anita Starks, an African-American woman.  Named as

defendants in this action, in addition to the ECWA, are: Robert Mendez, the Director of the

---

        [1]  This action was removed to this Court pursuant to 28 U.S.C. §§1441, 1443, and 1446
inasmuch as the plaintiff seeks recovery based upon alleged federal civil rights violations, as well
as various state claims. (Docket No. 1).

ECWA ("Mendez"); Gary Bluman, an ECWA Foreman ("Bluman"); John Kuryak, ECWA

Distribution Engineer ("Kuryak"); James P. Lisinski, ECWA Coordinator of Employee Relations

("Lisinski"); David F. Jaros, ECWA Senior Distribution Engineer ("Jaros"); Karla Thomas,

Director of Human Resources ("Thomas"); Helen Cullinan Szvoren, Director of Human

Resources ("Szvoren"); Matthew J. Baudo, secretary to the ECWA ("Baudo"); Robert

Guggemos, ECWA Distribution Engineer ("Guggemos"); and Joseph Marzec ("Marzec").[2]

(Complaint at ¶¶2-14).

The plaintiff filed a motion seeking to extend the discovery period, to compel disclosure

of certain documents as well as information regarding the phone numbers and addresses of

ECWA workers; and the disqualification of defendant's counsel based upon allegations that

defendants' counsel has interfered with plaintiff's counsel's efforts to communicate with non-

party ECWA employees. (Docket No. 40). In light of the extensive discovery extensions

previously granted in this case, the Court denied the request to extend the discovery period (and

thus, the specific discovery requests as being untimely). The Court also denied the request to

disqualify counsel, however, the Court did direct that defendant's counsel was not to solicit to

represent non-party, non-policymaking ECWA employees; and that the plaintiff did not require

defendant's counsel's permission to approach such ECWA wmplooyees. (Docket No. 85 at page

6).

The defendants seek attorneys fees under Rule 37 of the Federal Rules of Civil Procedure

in connection with having to respond to the motion to compel and to disqualify counsel ((Docket

---

[2] "The Complaint" is attached as Exhibit 2 to the removal papers (Docket No. 1, Exhibit 2).

No. 54 at page 12). Rule 37(a)(5)(B) provides that "[if] the motion is denied, ... the court must, after affording an opportunity to be heard, require the movant, the attorney filing the motion, or both, to pay the party or deponent who opposed the motion, its reasonable expenses incurred in opposing the motion, including reasonable attorney's fees. But the Court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."

In the underlying motion, the plaintiff sought to compel certain discovery, and to disqualify the defendants' counsel. The Court did not address the specific discovery requests inasmuch as it was determined that a further extension of the discovery period in this case was unwarranted in light of the extensive period previously afforded to the parties. The plaintiff also sought to disqualify defendants' counsel based upon allegations that defendants' counsel interfered with and obstructed plaintiff's efforts to communicate with non-party ECWA employees. The plaintiff asserted that defendant's counsel instructed ECWA not to answer questions if approached by plaintiff's counsel. In this regard, the record reflects that counsel for the defendants had represented to plaintiff's counsel that plaintiff's counsel could not contact ECWA employees; that such employees are "represented parties;" that it would be an ethical violation for plaintiff's counsel to contact ECWA employees; and threatened to report any such conduct on the part of the plaintiff's counsel to the "Disciplinary Committee." (Deposition of Karla Thomas, Docket No. 40, Exhibit I, page 158). While the Court determined that the record did not warrant disqualification of defendants' counsel, the Court determined that it was necessary to instruct defendant's counsel that he could not advise ECWA non-party, non-policymaking employees that they cannot meet with or talk to plaintiff's counsel. Further,

defendants' counsel was instructed not solicit to represent any non-party non-policymaking ECWA employee at a deposition or meeting with plaintiff's counsel. In light of the position taken by defendant's counsel at the Thomas deposition, which set forth an inaccurate restriction relating to the ability of the plaintiff's counsel to contact ECWA employees, the plaintiff was substantially justified in bringing the underlying motion notwithstanding that the Court did not grant the relief sought.

The motion for attorneys fees is denied.

So Ordered.

_____

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
June 10, 2010